**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION**

| | | |
|---|---|---|
| IN RE | § | |
| | § | CHAPTER  13 |
| DARHYL BUTLER, | § | CASE NO.: 19-11352 |
| | § | |
| | § | |
| Debtor. | § | |
| | § | |
| ———————————————————— | § | |
| | § | |
| DARHYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO: 24- |
| | § | |
| ALLY FINANCIAL | § | |
| | § | |
| Defendant. | § | |

## COMPLAINT REQUESTING CANCELLATION OF MOTOR VEHICLE CERTIFICATE OF TITLE AND REQUEST FOR MONEY DAMAGES

NOW COMES DARHYL BUTLER, Debtor in the above-captioned Chapter 13 case, and Plaintiff in the adversary proceeding, (hereinafter "Debtor"), and respectfully shows the Court his Complaint against Ally Financial for failure to furnish a canceled certification of title to a 2015 Chevrolet Trax and/or in the alternative an award of damages.

### JURISDICTION

1.      This Court has jurisdiction of this action pursuant to 15 USC §1640(e) and 28 USC §1331 and 1337.  This is a core proceeding under 28 USC §157(b)(2).

2.      Venue is appropriate in the Augusta Division of the Southern District of Georgia pursuant to 28 USC §1409(a).

3.      Debtor consents to the entry of final Order should Judgment by the Bankruptcy Judge be determined absent consent of the parties consistent with Article III of the United States Constitution.

## CLAIM FOR CANCELLATION WITH REQUEST FOR DAMAGES

4. Debtor reavers the allegations for paragraphs 1-3 and makes the following additional averments.

5. Debtor filed a petition for relief under Chapter 13 in the United States Bankruptcy Court for the Southern District of Georgia, Augusta Division on October 11, 2019.

6. Debtor listed ALLY FINANCIAL as a secured creditor with a lien on a 2015 Chevrolet Trax to be paid the fair market value of their collateral with interest.

7. ALLY FINANCIAL filed a proof of claim (Claim #5) submitting itself to the jurisdiction of this Court. Exhibit 1.

8. ALLY FINANCIAL did not object to the Chapter 13 plan.

9. Paragraph 15 of the Debtor's Chapter 13 plan included the following language:

**With the exception of creditor(s) listed in paragraph 4(d), it's successors and/or assigns, upon granting of a discharge in this case, all secured creditors that were paid through the plan shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filing, judgment liens, titles and/or any other lien claim of any kind against property of the debtor(s). This paragraph shall in no way apply to mortgages and/or other secured debts that are not paid through the Chapter 13 plan.**

Exhibit 2.

10. Debtor's plan was proposed to pay $970.00 a month and was confirmed on February 20, 2020 at that same amount.

11. Debtor successfully completed his Chapter 13 case and ALLY FINANCIAL was paid in full on the $12,375.00 secured portion of their claim along with interest of $1,052.54.

12. Debtor's plan was completed and the Debtor discharged on February 1, 2023. Exhibit 3.

13. After discharge the Debtor waited forty-five days and then called ALLY FINANCIAL's bankruptcy department to request a canceled certificate of title. Debtor was informed "We will get you your car title if we can".

14. During the time March 2023 to May 2023 Debtor and/or his wife called ALLY FINANCIAL bankruptcy department and each time they were told to call back in a week or so. "We are trying to get you your car title" is what they were told each time.

15. On May 8, 2023 Debtor called counsel to ask for help. In counsel's presence he asked for a canceled car title from the bankruptcy department at ALLY FINANCIAL and were told "Call us next week". In late May Debtor had an office conference with counsel. On June 2, 2023 counsel mailed a letter to ALLY FINANCIAL demanding the car title with the lien release be sent either to the Debtor or to Debtor's counsel. The letter informed ALLY FINANCIAL that if the car title with a canceled lien should not be returned a Motion to Reopen the Bankruptcy Case and file an Adversary proceeding will be accomplished. Exhibit 4.

16. ALLY FINANCIAL also received the Chapter 13 Trustee's Final Report, verifying that their secured claim had been satisfied. Exhibit 6.

17. ALLY FINANCIAL was served with a copy of the motion to reopen.

18. This court entered the Order reopening the case on January 8, 2024. Exhibit 5.

19. ALLY FINANCIAL has intentionally and willfully refused to cancel the lien on the Debtor's 2015 Chevrolet Trax, almost a full year after the case has been discharged.

20. Because of this unreasonable and unnecessary delay by ALLY FINANCIAL, Debtor has been unable to sell the 2015 Chevrolet Trax.

21. Debtor states that he obtained a cash purchaser for $9,500.00, but the sale could not be consummated as he had no car title. Debtor requests Ally pay $9,500.00 to compensate him for the lost opportunity and they can have possession of the 2015 Chevrolet Trax.

22. Because of this unreasonable and unnecessary delay by ALLY FINANCIAL, Debtor has missed out on opportunities to purchase available, preferred automobiles.

23. Because of this unreasonable and unnecessary delay by ALLY FINANCIAL, Debtor's financing options have been reduced as interest rates continue to climb. He will now have to finance a replacement vehicle at a significantly higher interest rate than he would have if the lien had been promptly canceled.

24. Because of the higher interest rates, the Debtor will suffer monetary damages as the results of the intentional and willful conduct of ALLY FINANCIAL.

**PRAYER FOR RELIEF**

WHEREFORE, Debtor respectfully requests that ALLY FINANCIAL be ordered to furnish a canceled car title if it is in their possession and control. Debtor requests the following relief be awarded by this Court:

1) That ALLY FINANCIAL be ordered to cancel the lien on the 2015 Chevrolet Trax instanter, and to provide proof of same to Debtor's counsel;

2) That ALLY FINANCIAL be ordered to reimburse the Debtor $9500 as special damages for the lost sale opportunity with respect to the 2015 Chevrolet Trax;

3) That ALLY FINANCIAL be ordered to pay punitive damages in the amount of $28,500 for it stubborn, ongoing and willful refusal to abide by the terms of the Chapter 13 plan and discharge order;

4) Debtor requests attorney's fee for all work performed post-discharge with respect to securing the cancellation of the ALLY FINANCIAL lien, including, but not limited to, filing a Motion to Reopen the case and for the preparation, filing and prosecution of this adversary proceeding.

5) Any other relief which this Court deems just and proper.

Respectfully submitted this 16th day of _January_, 2024.

LEIDEN and LEIDEN

By: _____

TERRY P. LEIDEN
Ga. Bar No.: 445800
Counsel for Debtor/Plaintiff

330 Telfair Street
Augusta, Georgia 30901
(706) 724-8548
courtinfo@leidenandleiden.com

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | CHAPTER   13 |
| DARHYL BUTLER, | § | CASE NO.: 19-11352 |
| | § | |
| | § | |
| Debtor. | § | |
| _____ | § | |
| | § | |
| DARHYL BUTLER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ADVERSARY NO: 24- |
| | § | |
| ALLY FINANCIAL | § | |
| | § | |
| Defendant. | § | |

### INDEX TO EXHIBITS ATTACHED TO COMPLAINT

1. Proof of claim of Ally Financial.

2. Page 4, paragraph 15 of Debtor's Chapter 13 Plan.

3. Discharge of Chapter 13.

4. Letter to Ally Financial dated June 2, 2023.

5. Order reopening case.

6. Chapter 13 Trustee's final report and account.

Respectfully submitted this 16th day of _____January_____, 2024.

LEIDEN and LEIDEN

By: _____
TERRY P. LEIDEN
Ga. Bar No.: 445800
Counsel for Debtor/Plaintiff

330 Telfair Street
Augusta, Georgia  30901
(706) 724-8548
courtinfo@leidenandleiden.com

Case 19-11352-SDB   Claim 5   Filed 12/03/19   Page 1 of 3

**Fill in this information to identify the case:**

Debtor 1   Darhyl Butler

Debtor 2
(Spouse, if filing)

United States Bankruptcy Court   **Southern District of Georgia**

Case number:  **19−11352**

**FILED**

**U.S. Bankruptcy Court
Southern District of Georgia**

12/3/2019

**Lucinda Rauback, Clerk**



## Official Form 410
## Proof of Claim

04/19

**Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

| **Part 1:** | **Identify the Claim** |
|---|---|

| | |
|---|---|
| **1.Who is the current creditor?** | Ally Financial |
| | Name of the current creditor (the person or entity to be paid for this claim) |
| | Other names the creditor used with the debtor |
| **2.Has this claim been acquired from someone else?** | ☑ No<br>☐ Yes. From whom? |

| | | |
|---|---|---|
| **3.Where should notices and payments to the creditor be sent?**<br><br>Federal Rule of Bankruptcy Procedure (FRBP) 2002(g) | **Where should notices to the creditor be sent?**<br>Ally Financial<br><br>Name<br><br>PO Box 130424<br>Roseville, MN 55113−0004 | **Where should payments to the creditor be sent?** (if different)<br>PAYMENT PROCESSING CENTER<br><br>Name<br><br>P.O. Box 78367<br><br>Phoenix, AZ 85062−8367 |
| | Contact phone _____ 800−495−1578 _____ | Contact phone _____ 800−495−1578 _____ |
| | Contact email _____ N/A _____ | Contact email _____ N/A _____ |
| | Uniform claim identifier for electronic payments in chapter 13 (if you use one): | |

| | |
|---|---|
| **4.Does this claim amend one already filed?** | ☑ No<br>☐ Yes. Claim number on court claims registry (if known) _____   Filed on _____<br>MM / DD / YYYY |
| **5.Do you know if anyone else has filed a proof of claim for this claim?** | ☑ No<br>☐ Yes. Who made the earlier filing? _____ |

Official Form 410                        Proof of Claim                        page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed** 12/03/19    Page 2 of 3

| 6. Do you have any number you use to identify the debtor? | ☐ No ☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: | 4395 |
|---|---|---|

**7. How much is the claim?**   $    16724.29

*# 17,147 —* (handwritten)

Does this amount include interest or other charges?
☐ No
☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as healthcare information.

Automobile Financing

**9. Is all or part of the claim secured?**

☐ No
☑ Yes. The claim is secured by a lien on property.

Nature of property:
☐ Real estate.   If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.
☑ Motor vehicle
☐ Other. Describe: _____

Basis for perfection:   Cert of Title/Lien

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

Value of property:   $    13275.00   — *# 12,875 (ours)* (handwritten)

Amount of the claim that is secured:   $    13275.00

Amount of the claim that is unsecured:   $    3449.29   (The sum of the secured and unsecured amounts should match the amount in line 7.)

Amount necessary to cure any default as of the date of the petition:   $    0.00

Annual Interest Rate (when case was filed)   4.90   %   — *ours 6%* (handwritten)

☑ Fixed
☐ Variable

| 10. Is this claim based on a lease? | ☑ No ☐ Yes. Amount necessary to cure any default as of the date of the petition. $ _____ |
|---|---|

| 11. Is this claim subject to a right of setoff? | ☑ No ☐ Yes. Identify the property: _____ |
|---|---|

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☑ No<br>☐ Yes. *Check all that apply:* | Amount entitled to priority |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies | $ _____ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

| | |
|---|---|
| The person completing this proof of claim must sign and date it. FRBP 9011(b).<br><br>If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.<br><br>A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both.<br>18 U.S.C. §§ 152, 157 and 3571. | Check the appropriate box:<br><br>☐ I am the creditor.<br>☑ I am the creditor's attorney or authorized agent.<br>☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.<br>☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.<br><br>I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.<br><br>I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.<br><br>I declare under penalty of perjury that the foregoing is true and correct. |

Executed on date    12/3/2019

MM / DD / YYYY

/s/ Clayton Gaspers

Signature

Print the name of the person who is completing and signing this claim:

| | |
|---|---|
| Name | Clayton Gaspers |
| | First name    Middle name    Last name |
| Title | Bankruptcy Coordinator |
| Company | Ally Servicing LLC |
| | Identify the corporate servicer as the company if the authorized agent is a servicer |
| Address | 4000 Lexington Ave. N. Suite 100 |
| | Number   Street |
| | Shoreview, MN 55126 |
| | City   State   ZIP Code |
| Contact phone | 800–495–1578      Email    N/A |

**Fill in this information to identify the case:**

Debtor 1    Darhyl Butler

Debtor 2   
(Spouse, if filing)

United States Bankruptcy Court for the: _Southern_ District of _Georgia_ (State)

Case number _19-11352_

## Official Form 410
# Proof of Claim
**04/19**

Read the instructions before filling out this form. **This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.**

**Filers must leave out or redact** information that is entitled on privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.**

| Part 1: | Identify the Claim |
| --- | --- |

**1. Who is the current creditor?**

Ally Financial
Name of the creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor _____

**2. Has this claim been acquired from someone else?**

☑ No

☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Ally Financial
Name

PO Box 130424
Number    Street

Roseville    MN    55113-0004
City    State    Zip Code

Contact phone   800-495-1578

Contact email   N/A

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**Where should payments to the creditor be sent?** (if different)

PAYMENT PROCESSING CENTER
Name

P.O. Box 78367
Number    Street

Phoenix    AZ    85062-8367
City    State    Zip Code

Contact phone   800-495-1578

Contact email   N/A

**4. Does this claim amend one already filed?**

☑ No

☐ Yes. Claim number on court claims registry (if known) _____

Filed on _____
MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No

☐ Yes. Who made the earlier filing? _____

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

**6. Do you have any number you use to identify the debtor?**

☐ No

☑ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: <u>4395</u>

---

**7. How much is the claim?**   $16,724.29 *

\* Claimant reserves right to amend its claim, including but not limited to, the right to amend for an unsecured deficiency.

**Does this amount include interest or other charges?**

☐ No

☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A).

---

**8. What is the basis of the claim?**

Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.
Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).
Limit disclosing information that is entitled to privacy, such as health care information.

<u>Automobile Financing</u>

---

**9. Is all or part of the claim secured?**

☐ No

☑ Yes. The claim is secured by a lien on property.

**Nature of property:**

☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim.*

☑ Motor Vehicle

☐ Other
   Describe: <u>2015 CHEVROLET TRAX VIN: 3GNCJTSB6FL168108</u>

**Basis for perfection:  <u>Certificate of Title/Lien Notice</u>**

Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)

**Value of the property:**                    <u>$13,275.00</u>

**Amount of the claim that is secured:**      <u>$13,275.00</u>

**Amount of the claim that is unsecured:  <u>$3,449.29</u>**        (The sum of the secured and unsecured amounts should match the amount in line 7.)

**Amount necessary to cure any default as of the date of the petition: <u>$0.00</u>**

**Annual Interest Rate** (when case was filed) <u>4.90%</u> * May not reflect rate entitled to under *In re Till*

☑ Fixed

☐ Variable

---

**10. Is the claim based on a lease?**

☑ No

☐ Yes. Amount necessary to cure any default as of the date of the petition.  $ _____

---

**11. Is the claim subject to a right of setoff?**

☑ No

☐ Yes. Identify the property: _____

---

Case 19-11352-SDB Claim 5 Filed 12/03/19 Page 3 of 5

| | | | |
|---|---|---|---|
| **12. Is all or part of the claim entitled to priority under 11 U.S.C § 507(a)?** | ☑ | No | **Amount entitled to priority** |
| | ☐ | Yes. *Check one:* | |

A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority.

☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B).    $_____

☐ Up to $3,025.00* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7).    $_____

☐ Wages, salaries, or commissions (up to $13,650.00*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4).    $_____

☐ Taxes or penalities owed to governmental units. 11 U.S.C. § 507(a)(8).    $_____

☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5).    $_____

☐ Other. Specify subsection of 11 U.S.C. § 507(a)(__) that applies.    $_____

\* Amounts are subject to adjustment on 4/01/2022 and every 3 years after that for cases begun on or after the date of adjustment.

---

**Part 3:    Sign Below**

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500.000, imprisoned for up to 5 years or both. 18 U.S.C. §§ 152, 157, and 3571.**

*Check the appropriate box:*

☐ I am the creditor.

☑ I am the creditor's attorney or authorized agent.

☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.

☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    12/03/2019
                    MM / DD / YYYY

/s/ Clayton Gaspers
Signature

**Print the name of the person who is completing and signing this claim:**

| | | | |
|---|---|---|---|
| Name | Clayton Gaspers | | |
| | First name | Middle name | Last name |
| Title | Bankruptcy Coordinator | | |
| Company | Ally Servicing LLC | | |
| | Identify the corporate servicer as the company if the authorized agent is a servicer. | | |
| Address | 4000 Lexington Ave. N. Suite 100 | | |
| | Number    Street | | |
| | Shoreview | MN | 55126 |
| | City | State | Zip Code |

Contact phone    800-495-1578          Email    N/A

---

Official Form 410                                  **Proof of Claim**                                  Page 3

## CERTIFICATE OF SERVICE

I, the undersigned, declare as follows:

I am over the age of 18 years and not party to this action.  My business address is PO Box 130424, Roseville, MN 55113.

I am readily familiar with the business practices of my employer for the collection and processing of documents and correspondence for mailing with the United States Postal Service and those correspondence and documents are deposited with the United States Postal Service that same day, or within one business day, in the ordinary course of business.

On December 3, 2019, I served the following document:

- Proof of Claim with all Exhibits and Attachments

in the method or methods described below and if served via U.S. Mail, by placing copies of said documents in sealed envelopes and addressed as follows:

| **Debtor** | **Attorney** | **Trustee** |
|---|---|---|
| Darhyl Butler | Terrance P. Leiden | HUON LE |
| 3616 CULLEN DR | *Served Electronically* | *Served Electronically* |
| AUGUSTA, GA 30907 | | |

I then placed said envelopes for collection and mailing at my employer's office following ordinary business practices, addressed to the parties so designated above.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on December 3, 2019, at Shoreview, Minnesota.

Signed:     /s/  Clayton Gaspers _____

Bankruptcy Coordinator
Ally Servicing LLC
PO Box 130424
Roseville, MN  55113
800-495-1578
Fax:  651-367-2005

United States Bankruptcy Court
for the Southern District of Georgia

In Re:  Darhyl Butler
Case No.:  19-11352 – Chapter:  13
Vehicle: 2015 CHEVROLET TRAX VIN: 3GNCJTSB6FL168108

**Itemization of "Other Charges" – Proof of Claim Dated December 3, 2019**

The claim of Ally Financial includes the following other charges in addition to the principal amount of $16,706.35:

| | |
|---|---|
| Accrued Finance Charges | $17.94 |
| Total: | $17.94 |

RETAIL INSTALLMENT CONTRACT

(★ Not Negotiable)

Case ▬-11352-SDB   Claim 5   Filed 12/03/19   Page 1 of 3

| DEAL# 42668 | Dealer Number | Contract Number |

| Buyer (and Co-Buyer) – Name and address (include county and zip code) | Creditor (Seller name and address) |
|---|---|
| DARHYL BUTLER<br><br>863 PONTIAC CT APT#718<br>AURORA IL  DUPAGE  60502 | CHEVROLET OF NAPERVILLE<br>1515 WEST OGDEN AVE.<br>NAPERVILLE, IL   60540 |

You, the Buyer (and Co-Buyer, if any), may buy the vehicle described below for cash or on credit. By signing this contract, you choose to buy the vehicle on credit under the agreements on the front and back of this contract. You agree to pay us, the Creditor, the Amount Financed and Finance Charge according to the payment schedule shown below. We will figure the Finance Charge on a daily basis.

| New or Used | Year | Make and Model | Vehicle Identification No. | Primary Use for Which Purchased |
|---|---|---|---|---|
| NEW | 2015 | CHEVROLET TRAX | 3GNCJTSB6FL168108 | ☐ personal, family, or household  ☐ agricultural<br>☐ business                        ☐ |

Your trade-in is a:  Year 2007   Make SATURN   Model OUTLOOK

### FEDERAL TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. | Total Sale Price<br>The total cost of your purchase on credit, including your downpayment of $ 0.00 |
|---|---|---|---|---|
| 4.90 % | $415.99 | $34160.97 | $39576.96 | $39576.96 is |

**Your Payment Schedule Will Be:**

| Number of Payments | Amount of Payments | When Payments Are Due | Or as Follows |
|---|---|---|---|
| 72 | $549.68 | Monthly beginning 10/24/2015 | |

**Late Charge.** If a payment is not received in full within 10 days after it is due, you will pay a late charge of 5% of the part of the payment that is late, with a minimum charge of $10.

**Prepayment.** If you pay off all your debt early, you will not have to pay a penalty.

**Security Interest.** You are giving a security interest in the vehicle being purchased.

**Additional Information:** See this contract for more information including information about nonpayment, default, any required repayment in full before the scheduled date, and security interest.

#### ITEMIZATION OF AMOUNT FINANCED

1 Cash price (including any accessories, services, and taxes) — $ 29360.51 (1)

2 Total downpayment = (If negative enter "0" and see line 4I below)

| Gross trade-in $ | 2500.00 | −payoff by seller $ | 8467.03 | | |
|---|---|---|---|---|---|
| = net trade-in $ | −5967.03 | + cash $ | N/A | | |
| + other (describe) REBATE | | $ | 2250.00 | $ 0.00 | (2) |

3 Unpaid balance of cash price (1 minus 2) — $ 29360.51 (3)

4 Other charges including amounts paid to others on your behalf (Seller may keep part of these amounts.):

A Cost of optional credit insurance paid to the insurance company or companies

| Life | $ N/A | | |
|---|---|---|---|
| Disability | $ N/A | $ N/A | |

B Cost of other optional insurance paid to the insurance company — $ N/A

C Official fees paid to government agencies — $ N/A

D Government taxes not included in cash price — $ N/A

E Government license and/or registration fees
LICENSE — $ 101.00

F Government certificate of title fees — $ 95.00

G DOCUMENTARY FEE. A DOCUMENTARY FEE IS NOT AN OFFICIAL FEE. A DOCUMENTARY FEE IS NOT REQUIRED BY LAW, BUT MAY BE CHARGED TO BUYERS FOR HANDLING DOCUMENTS AND PERFORMING SERVICES RELATED TO CLOSING OF A SALE. THE BASE DOCUMENTARY FEE BEGINNING JANUARY 1, 2006, WAS $150. THE MAXIMUM AMOUNT THAT MAY BE CHARGED FOR A DOCUMENTARY FEE IS THE BASE DOCUMENTARY FEE OF $150 WHICH SHALL BE SUBJECT TO AN ANNUAL RATE ADJUSTMENT EQUAL TO THE PERCENTAGE OF CHANGE IN THE BUREAU OF LABOR STATISTICS CONSUMER PRICE INDEX.  THIS NOTICE IS REQUIRED BY LAW. — $ 168.43

H Other charges (Seller must identify who is paid and describe purpose.)

| to N/A | for N/A | $ N/A |
|---|---|---|
| to CHEVROLET OF | for GAP PROTECTIO | $ 595.00 |
| to CVR/DLR | for OPT.ERT FEE | $ 25.00 |
| to N/A | for N/A | $ N/A |
| to CHEVROLET OF N | for VINETC | $ 99.00 |
| to N/A | for N/A | $ N/A |

I Net trade−in payoff to SPRING LEAF FINAN $ 3717.03

Total other charges and amounts paid to others on your behalf — $ 4800.46 (4)

5 Amount financed (3 + 4) — $ 34160.97 (5)

---

**Insurance.** You may buy the physical damage insurance this contract requires (see back) from anyone you choose who is acceptable to us. You are not required to buy any other insurance to obtain credit.

If any insurance is checked below, policies or certificates from the named insurance companies will describe the terms and conditions.

**Check the insurance you want and sign below:**

**Optional Credit Insurance.**

☐ Credit Life: ☐ Buyer ☐ Co-Buyer ☐ Both

Term ___ N/A ___

☐ Credit Disability (Buyer Only)

Term ___ N/A ___

Premium:

Credit Life $ ___ N/A ___

Credit Disability $ ___ N/A ___

___ N/A ___
(Insurance Company)

___
(Home Office Address)

Credit life insurance and credit disability insurance are not required to obtain credit. Your decision to buy or not buy credit life insurance and credit disability insurance will not be a factor in the credit approval process. They will not be provided unless you sign and agree to pay the extra cost. Credit life insurance pays only the amount you would owe if you paid all your payments on time. Credit disability insurance does not cover any increase in your payment or in the number of payments.

**Other Optional Insurance.**

| ☐ N/A | N/A |
|---|---|
| Type of Insurance | Term |

Premium $ ___ N/A ___

___ N/A ___
(Insurance Company)

___ N/A ___
(Home Office Address)

Other optional insurance is not required to obtain credit. Your decision to buy or not buy other optional insurance will not be a factor in the credit approval process. It will not be provided unless you sign and agree to pay the extra cost.

I want the insurance checked above.         09/09/2015

X ___
Buyer Signature            Date

X ___
Co-Buyer Signature          Date

**ANY INSURANCE REFERRED TO IN THIS CONTRACT DOES NOT INCLUDE COVERAGE FOR BODILY INJURY AND PROPERTY DAMAGE CAUSED TO OTHERS.**

---

**HOW THIS CONTRACT CAN BE CHANGED.** This contract contains the entire agreement between you and us relating to this contract. Any change to the contract must be in writing and we must sign it. No oral changes are binding.

Buyer Signs X _(signature)_            Co-Buyer Signs X

If any part of this contract is not valid, all other parts stay valid. We may delay or refrain from enforcing any of our rights under this contract without losing them. For example, we may extend the time for making some payments without extending the time for making others.

**See back for other important agreements.**

**Do not sign this contract on a Sunday.**

**Notice to the buyer.**

1. Do not sign this agreement before you read it or if it contains any blank spaces. 2. You are entitled to an exact copy of the agreement you sign. 3. Under the law you have the right, among others, to pay in advance the full amount due and to obtain under certain conditions a partial refund of the finance charge.

*The Annual Percentage Rate may be negotiable with the Seller. The Seller may assign this contract and retain its right to receive a part of the Finance Charge.*

You agree to the terms of this contract. You confirm that before you signed this contract, we gave it to you, and you were free to take it and review it. You confirm that you received a completely filled-in copy when you signed it.

**RETAIL INSTALLMENT CONTRACT**

Buyer Signs X _(signature)_ Date 09/09/2015      Co-Buyer Signs X            Date

**Co-Buyer** – A Co-Buyer is a person who agrees to be primarily responsible for paying the entire debt and who (1) actually receives the vehicle or (2) is a parent or spouse of the Buyer, or (3) will be listed as an owner on the vehicle's title. By signing above, the Co-Buyer confirms that the Co-Buyer will actually receive possession of the vehicle or will use it, or that the Co-Buyer is a parent or spouse of the Buyer, or will be listed as an owner on the vehicle's title.

**Guarantor** – A Guarantor is a person who may be responsible for paying the entire debt if we cannot collect the amount owed from the Buyer and any Co-Buyer.

Guarantor Signs X            Date 09/09/2015      Address

I hereby guarantee the collection of the above described amount upon failure of the Seller named herein to collect said amount from the Buyer named herein. I also consent to the Creditor having a security interest in the vehicle.

**Other Owners** – An other owner is a person whose name is on the title to the vehicle but does not have to pay the debt. The other owner agrees to the security interest in the vehicle given to us in this Contract.

Other Owner signs here X            Date            Address

Creditor Signs CHEVROLET OF NAPERVILLE      By X _(signature)_            Title

## NO PUBLIC LIABILITY INSURANCE ISSUED WITH THIS TRANSACTION

| Seller assigns its interest in this contract to: ☐ Ally Financial<br>under the terms of Seller's agreement(s) with assignee.<br>XXxxx ALLY | ☐ Ally Bank |
|---|---|
| Assigned with recourse | Assigned without recourse or with limited recourse<br>CHEVROLET OF NAPERVILLE |
| Seller            By            Title | By _(signature)_            Title |

Z109 FR IL 3/2013 (For use in the State of Illinois) (1 of 5)<br>Copyright 2013 Ally Financial. All Rights Reserved.    Notice: See Other Side            ORIGINAL

## OTHER IMPORTANT AGREEMENTS

### 1. FINANCE CHARGE AND PAYMENTS

a. **How we will figure Finance Charge.** The Finance Charge is figured on a daily basis at the Annual Percentage Rate on the unpaid part of the Amount Financed.

b. **How we will apply payments.** We will apply each payment first to the earned and unpaid part of the Finance Charge, and then to the unpaid part of the Amount Financed.

c. **How late payments or early payments change what you must pay.** We based the Finance Charge, Total of Payments, and Total Sale Price shown on the front on the assumption that you will make every payment on the day it is due. Your Finance Charge, Total of Payments, and Total Sale Price will be more if you pay late and less if you pay early. Changes may take the form of a larger or smaller final payment or, at our option, more or fewer payments of the same amount as your scheduled payment with a smaller final payment. We will send you a notice telling you about these changes before the final scheduled payment is due.

### 2. YOUR OTHER PROMISES TO US

a. **If the vehicle is damaged, destroyed, or missing.** You agree to pay us all you owe under this contract even if the vehicle is damaged, destroyed, or missing.

b. **Using the vehicle.** You agree not to remove the vehicle from the U.S. or Canada, or to sell, rent, lease, or transfer any interest in the vehicle or this contract without our written permission. You agree not to expose the vehicle to misuse, seizure, confiscation, or involuntary transfer. If we pay any repair bills, storage bills, taxes, fines, or charges on the vehicle, you agree to repay the amount when we ask for it.

c. **Security Interest.** You give us a security interest in:
   1. The vehicle and all parts or goods installed in it;
   2. All money or goods received (proceeds) for the vehicle;
   3. All insurance, maintenance, service, or other contracts we finance for you; and
   4. All proceeds from insurance, maintenance, service, or other contracts we finance for you. This includes any refunds of premiums or charges from the contracts.

This secures payment of all you owe on this contract. It also secures your other agreements in this contract. You will make sure the title shows our security interest (lien) in the vehicle. You will not allow any other security interest to be placed on the title without our written permission.

d. **Insurance you must have on the vehicle.** You agree to have physical damage insurance covering loss or damage to the vehicle for the term of this contract. The insurance must cover our interest in the vehicle. If the vehicle is lost or damaged, you agree that we may use any insurance settlement to reduce what you owe or repair the vehicle.

**Unless you provide us with evidence of the insurance coverage required by this contract, we may buy insurance at your expense to protect our interests in the vehicle. This insurance may, but need not, protect your interests. The coverage that we buy may not pay any claim that you make or any claim that is made against you in connection with the vehicle. You may later cancel any insurance we buy, but only after providing us with evidence that you have obtained insurance as required by this contract. If we buy insurance for the vehicle, you will be responsible for the costs of that insurance, including finance charges and any other charges we may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. We may add the costs of the insurance to your total outstanding balance or obligation. The costs of the insurance may be more than the cost of insurance you may be able to obtain on your own.**

If we buy insurance, the charge will be premium of the insurance and a finance charge equal to the Annual Percentage Rate shown on the front of this contract or, at our option, the rate we are charging when we buy the insurance.

e. **What happens to returned insurance, maintenance, service, or other contract charges.** If we get a refund of insurance, maintenance, service, or other contract charges, you agree that we may subtract the refund from what you owe.

### 3. YOU MAY PREPAY

You may prepay all or part of the unpaid part of the Amount Financed at any time without penalty. If you do so, you must pay the earned and unpaid part of the Finance Charge and all other amounts due up to the date of your payment.

### 4. IF YOU PAY LATE OR BREAK YOUR OTHER PROMISES

a. **You may owe late charges.** You will pay a late charge on each late payment as shown on the front. Acceptance of a late payment or late charge does not excuse your late payment or mean that you may keep making late payments. If you pay late, we may also take the steps described below.

b. **You may have to pay all you owe at once.** If you break your promises (default), we may demand that you pay all you owe on this contract at once subject to any right the law gives you to reinstate this contract. Default means:
   1. You do not pay any payment on time;
   2. You made a material misrepresentation when you applied for this contract;
   3. You start a proceeding in bankruptcy or one is started against you or your property; or
   4. You break any agreements in this contract.

The amount you will owe will be the unpaid part of the Amount Financed plus the earned and unpaid part of the Finance Charge, any late charges, and any amounts due because you defaulted.

c. **You may have to pay collection costs.** If we hire an attorney to collect what you owe, you will pay the attorney's reasonable fee. If a judgment is entered against you, you will pay any court costs the court awards us.

d. **We may take the vehicle from you.** If you default, we may take (repossess) the vehicle from you if we do so peacefully and the law allows it. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. If we take the vehicle, any accessories, equipment, and replacement parts will stay with the vehicle. If any personal items are in the vehicle, we may store them for you at your expense. If you do not ask for these items back, we may dispose of them as the law allows.

e. **How you can get the vehicle back if we take it.** If we repossess the vehicle, in many situations, the law gives you the right to pay to get it back. We will tell you what you have to do to get the vehicle back.

f. **We will sell the vehicle if you do not get it back.** If you do not do what is required to get the vehicle back, we will sell the vehicle. We will send you a written notice of sale before selling the vehicle.

We will apply the money from the sale, less allowed expenses, to the amount you owe. Allowed expenses are expenses we pay as a direct result of taking the vehicle, holding it, preparing it for sale, and selling it. Attorney fees and court costs the law permits are also allowed expenses. If any money is left (surplus), we will pay it to you. If money from the sale is not enough to pay the amount you owe, you must pay the rest to us. If you do not pay this amount when we ask, we may charge you interest at the highest lawful rate until you pay.

g. **What we may do about optional insurance, maintenance, service, or other contracts.** This contract may contain charges for optional insurance, maintenance, service, or other contracts. If we demand that you pay all you owe at once or we repossess the vehicle, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe or repair the vehicle. If the vehicle is a total loss because it is confiscated, damaged, or stolen, we may claim benefits under these contracts and cancel them to obtain refunds of unearned charges to reduce what you owe.

h. **Dishonored Check Charge.** If you try to pay any portion of an amount you owe with a check that is dishonored, you will have to pay a charge of $25.

### 5. SERVICING AND COLLECTION CONTACTS

You agree that we may try to contact you in writing, by e-mail, or using prerecorded/artificial voice messages, text messages, and automatic telephone dialing systems, as the law allows. You also agree that we may try to contact you in these and other ways at any address or telephone number you provide us, even if the telephone number is a cell phone number or the contact results in a charge to you.

### 6. WARRANTIES SELLER DISCLAIMS

**Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this contract, the Seller makes no warranties, express or implied, on the vehicle, and there will be no implied warranties of merchantability or of fitness for a particular purpose.**

This provision does not affect any warranties covering the vehicle that the vehicle manufacturer may provide or which state law requires the seller to provide.

### 7. Used Car Buyers Guide.
The information you see on the window form for this vehicle is part of this contract. Information on the window form overrides any contrary provisions in the contract of sale.

**Spanish Translation:**
Guía para compradores de vehículos usados. La información que ve en el formulario de la ventanilla para este vehículo forma parte del presente contrato. La información del formulario de la ventanilla deja sin efecto toda disposición en contrario contenida en el contrato de venta.

### 8. APPLICABLE LAW
Federal law and Illinois law apply to this contract.

---

NOTICE OF POSSIBLE REFUND OF CREDIT LIFE OR DISABILITY INSURANCE PREMIUM
(1) IF YOU HAVE PURCHASED EITHER CREDIT LIFE OR CREDIT DISABILITY INSURANCE, OR BOTH, TO GUARANTEE PAYMENTS BEING MADE IN CASE OF YOUR DEATH OR DISABILITY, ON YOUR VEHICLE PURCHASED UNDER AN INSTALLMENT SALES CONTRACT, YOU MAY BE ENTITLED TO A PARTIAL REFUND OF YOUR PREMIUM IF YOU PAY OFF YOUR INSTALLMENT CONTRACT EARLY. (2) IN CASE OF EARLY COMPLETE PAYMENT OF YOUR CONTRACT, YOU SHOULD CONTACT THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE TO SEE IF A REFUND IS DUE. IF YOUR VEHICLE DEALER FINANCED YOUR CONTRACT, THE SELLER OF YOUR CREDIT LIFE OR CREDIT DISABILITY INSURANCE IS YOUR VEHICLE DEALER.

NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED PURSUANT HERETO OR WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.

The preceding NOTICE applies only to goods or services obtained primarily for personal, family, or household use. In all other cases, Buyer will not assert against any subsequent holder or assignee of this contract any claims or defenses the Buyer (debtor) may have against the Seller, or against the manufacturer of the vehicle or equipment obtained under this contract.

12/3/2019 Title Administration - Electronic Title Document

**ally** Electronic Title Document

- ELT*GA

| | | |
|---|---|---|
| Title # : | 776512161453070 | Title Type : |
| Issue Date : | 05/24/2016 | Lic/Tag/Control # : |

| | |
|---|---|
| VIN: | 3GNCJTSB6FL168108 |
| Vehicle Info: | 2015 CHEV |
| Brand code: | |
| Odometer Reading: | |
| Date: | 00/00/0000 |
| Status: | |

**Owner information**

| | |
|---|---|
| Owner Information: | DARHYL BUTLER |
| Co-Owner: | |
| Third Owner: | |
| Owner Address: | 3616 CULLEN DR |
| | MARTINEZ, GA 309076404 |

**Lienholder information**

| | |
|---|---|
| Lienholder: | ALLY FINANCIAL |
| | PO BOX 8101 |
| | COCKESYVILLE, MD 21030 |
| 2nd Lienholder Name: | |

| | |
|---|---|
| ELT Sent Date: | 05/24/2016 |
| Lien Type: | |
| Owner Driver License #: | |

| | |
|---|---|
| PDP Doc Ref: | 50000083503 / 00092 12/03/2019 10:22:27 |

 



9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

**With the exception of creditor(s) listed in paragraph 4(d), it's successors and/or assigns, upon granting of a discharge in this case, all secured creditors that were paid through the plan shall promptly release all collateral held as security on loans, and shall promptly release and/or satisfy all security deeds, security agreements, UCC filing, judgment liens, titles and/or any other lien claim of any kind against property of the debtor(s). This paragraph shall in no way apply to mortgages and/or other secured debts that are not paid through the Chapter 13 plan.**

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

Dated: 10/11/19

X _Darryl J Butler_
Debtor 1

GASB – Form 113 [Rev. 12/1/17]

Page 4 of

**Information to identify the case:**

| | | |
|---|---|---|
| Debtor 1 | **Darhyl Butler** | Social Security number or ITIN   xxx–xx–8771 |
| | First Name   Middle Name   Last Name | EIN   __–_____ |
| Debtor 2 (Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   _ _ _ _ EIN   __–_____ |

United States Bankruptcy Court   Southern District of Georgia

Case number:   19–11352–SDB

---

## Order of Discharge

12/18

---

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

Darhyl Butler



*Susan D. Barrett*

Susan D. Barrett
United States Bankruptcy Judge
Federal Justice Center
600 James Brown Blvd
P.O. Box 1487
Augusta, GA 30903

Dated: 2/1/23

---

### Explanation of Bankruptcy Discharge in a Chapter 13 Case

This order does not close or dismiss the case.

#### Creditors cannot collect discharged debts

This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

#### Most debts are discharged

Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

#### Some debts are not discharged

Examples of debts that are not discharged are:

- ♦ debts that are domestic support obligations;

- ♦ debts for most student loans;

- ♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

**For more information, see page 2**

---

Form 3180W                          Chapter 13 Discharge                          page 1

♦ debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

♦ debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

♦ some debts which the debtors did not properly list;

♦ debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

♦ debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

♦ debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

♦ debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

---

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**

---

Law Office of

**Leiden and Leiden**
*A Professional Corporation*

Terrance Patrick Leiden (also Ohio)
Zane P. Leiden (also SC)

330 Telfair Street
Augusta, Georgia  30901-2450
(706) 724-8548
FAX (706) 724-9727

C. Christopher CoCroft, Jr.
(1941-1974)

June 2, 2023

Ally Financial
PO Box 13042,
Roseville, MN 55113-0004

> RE: Dahryl Butler
> Chapter 13 19-11352
> Account #: 154923844395
> SSN: XXX  XX 8771

To whom it may concern:

This letter is to demand the return to Mr. Butler of his motor vehicle title on a 2015 Chevrolet TRAX. Mr. Butler filed this Chapter 13 case on October 11, 2019. His plan provided that Ally Financial would be paid $12,375 on their secured portion of the claim and the balance would be $3449.29 which would be treated as a non-secured claim and paid a 2% dividend.

The plan was confirmed on February 10, 2020. Ally Financial filed its proof of claim number five, and 5.1 and was paid is attached as exhibit A. Attached as exhibit B is the order of discharge. Under the provision of special orders, the plan provided that when the creditor was paid in full that they must quickly send a canceled motor vehicle title to the debtor or the debtor's attorney.

You will note that the discharge is dated February 1, 2023. The debtor's spouse, has called your personnel and over a period of four months they have told her to call back next week with "we will see if we can get you your title." As you can see from the date of the letter, today is June 2 and no canceled title has been received. This is to make a demand upon you to return the canceled title to our office within the next 30 days. If you fail to do this, we will reopen the bankruptcy case file an adversary proceeding to return the car title according to the terms of the plan. If you have some legal or factual reason that you are not sending the car title to this office, I would appreciate a response. Otherwise, I would expect the car title within 30 days, or you can expect an adversary proceeding in the United States Bankruptcy Court for the Southern District of Georgia, Augusta Division in 45 days.

Kind Regards,

*Terry Leiden*

Terrance P. Leiden

TPL/ar
Enclosures
CC: client w/o enclosures



**IT IS ORDERED as set forth below:**

**Date: January 8, 2024**

_____
Susan D. Barrett

United States Bankruptcy Judge
Southern District of Georgia

---

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

|  |  |  |
|---|---|---|
| IN RE: | * | |
|  | * | CHAPTER 13 |
| DARHYL BUTLER, | * | CASE NO.: 19-11352 |
| Debtor. | * | |

## ORDER ON MOTION TO REOPEN CHAPTER 13 CASE

Debtor having moved this Court to reopen his Chapter 13 bankruptcy case to seek relief under 11 U.S.C. Sections 524, 1327 and 1328, and the Court finding that cause exists for such relief to be granted, it is hereby ORDERED, ADJUDGED AND DECREED that Debtor's case shall be reopened so that he may file an adversary proceeding against Ally Financial for violations of 11 U.S.C. Sections 524, 1327 and 1238, in addition to any state law remedies which may also be available.

**[END OF DOCUMENT]**

Presented by:

TERRANCE P. LEIDEN
COUNSEL FOR DEBTOR
Ga. Bar No. 445800
LEIDEN and LEIDEN
330 Telfair Street
Augusta, Georgia  30901
(706) 724-8548
courtinfo@leidenandleiden.com



# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

In re:

    Darhyl Butler

        Debtor(s)

Case No. 19-11352

## CHAPTER 13 STANDING TRUSTEE'S FINAL REPORT AND ACCOUNT

Huon Le, Chapter 13 Trustee, submits the following Final Report and Account of the administration of the estate pursuant to 11 U.S.C. § 1302(b)(1). The trustee declares as follows:

1) The case was filed on 10/11/2019.

2) The plan was confirmed on 02/10/2020.

3) The plan was modified by order after confirmation pursuant to 11 U.S.C. § 1329 on NA.

4) The trustee filed action to remedy default by the debtor in performance under the plan on NA.

5) The case was completed on 10/17/2022.

6) Number of months from filing to last payment: 36.

7) Number of months case was pending: 40.

8) Total value of assets abandoned by court order: NA.

9) Total value of assets exempted: $3,789.48.

10) Amount of unsecured claims discharged without payment: $56,608.93.

11) All checks distributed by the trustee relating to this case have cleared the bank.

**UST Form 101-13-FR-S (09/01/2009)**

## Receipts:

| | |
|---|---:|
| Total paid by or on behalf of the debtor | $34,980.59 |
| Less amount refunded to debtor | $61.20 |

**NET RECEIPTS:** $34,919.39

## Expenses of Administration:

| | |
|---|---:|
| Attorney's Fees Paid Through the Plan | $4,000.00 |
| Court Costs | $0.00 |
| Trustee Expenses & Compensation | $2,919.96 |
| Other | $0.00 |

**TOTAL EXPENSES OF ADMINISTRATION:** $6,919.96

Attorney fees paid and disclosed by debtor: $0.00

## Scheduled Creditors:

| Creditor Name | Class | Claim Scheduled | Claim Asserted | Claim Allowed | Principal Paid | Int. Paid |
|---|---|---:|---:|---:|---:|---:|
| Ally Financial | Unsecured | 4,772.00 | 3,449.29 | 3,449.29 | 66.92 | 0.00 |
| Ally Financial | Unsecured | NA | 0.00 | 900.00 | 17.46 | 0.00 |
| Ally Financial | Secured | 12,375.00 | 13,275.00 | 12,375.00 | 12,375.00 | 1,052.54 |
| Capital One | Unsecured | 1,486.00 | NA | NA | 0.00 | 0.00 |
| Capital One | Unsecured | 4,400.00 | NA | NA | 0.00 | 0.00 |
| Discover Bank | Unsecured | 10,828.00 | 11,045.68 | 11,045.68 | 214.29 | 0.00 |
| Jefferson Capital Systems | Unsecured | 3,386.00 | 3,424.75 | 3,424.75 | 66.44 | 0.00 |
| Jefferson Capital Systems | Unsecured | 5,053.00 | 5,206.06 | 5,206.06 | 101.00 | 0.00 |
| Jefferson Capital Systems | Unsecured | 4,374.00 | 4,487.84 | 4,487.84 | 87.06 | 0.00 |
| Military Star | Unsecured | 8,280.00 | NA | NA | 0.00 | 0.00 |
| Nationstar Mortgage LLC dba Mr Cooper | Secured | NA | 175.00 | NA | 0.00 | 0.00 |
| Nationstar Mortgage LLC dba Mr Cooper | Secured | NA | 150.00 | NA | 0.00 | 0.00 |
| Nationstar Mortgage LLC dba Mr Cooper | Secured | 88,630.00 | 87,386.55 | NA | 0.00 | 0.00 |
| Nationstar Mortgage LLC dba Mr Cooper | Secured | 350.00 | 0.00 | 267.51 | 267.51 | 0.00 |
| OneMain Financial Group | Secured | 12,500.00 | 12,500.00 | 12,500.00 | 12,500.00 | 967.90 |
| OneMain Financial Group | Unsecured | 15,426.00 | 14,603.79 | 14,603.79 | 283.31 | 0.00 |
| Shell/CBNA | Unsecured | 162.00 | NA | NA | 0.00 | 0.00 |

**UST Form 101-13-FR-S (09/01/2009)**

| Summary of Disbursements to Creditors: | Claim Allowed | Principal Paid | Interest Paid |
|---|---|---|---|
| **Secured Payments:** | | | |
| Mortgage Ongoing | $0.00 | $0.00 | $0.00 |
| Mortgage Arrearage | $267.51 | $267.51 | $0.00 |
| Debt Secured by Vehicle | $24,875.00 | $24,875.00 | $2,020.44 |
| All Other Secured | $0.00 | $0.00 | $0.00 |
| **TOTAL SECURED:** | **$25,142.51** | **$25,142.51** | **$2,020.44** |
| **Priority Unsecured Payments:** | | | |
| Domestic Support Arrearage | $0.00 | $0.00 | $0.00 |
| Domestic Support Ongoing | $0.00 | $0.00 | $0.00 |
| All Other Priority | $0.00 | $0.00 | $0.00 |
| **TOTAL PRIORITY:** | **$0.00** | **$0.00** | **$0.00** |
| **GENERAL UNSECURED PAYMENTS:** | **$43,117.41** | **$836.48** | **$0.00** |

| Disbursements: | |
|---|---|
| Expenses of Administration | $6,919.96 |
| Disbursements to Creditors | $27,999.43 |
| **TOTAL DISBURSEMENTS :** | **$34,919.39** |

12) The trustee certifies that, pursuant to Federal Rule of Bankruptcy Procedure 5009, the estate has been fully administered, the foregoing summary is true and complete, and all administrative matters for which the trustee is responsible have been completed. The trustee requests a final decree be entered that discharges the trustee and grants such other relief as may be just and proper.

Dated: 02/07/2023

By: /s/ Huon Le
Trustee

**STATEMENT**: This Unified Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-13-FR-S (09/01/2009)**